IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. TRUSTEE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2005 ASSET-BACKED PASS-HROUGH CERTIFICATES SERIES 2005-WHQ4, | § § § § § § § | |
| Plaintiff, | § | Civil Action No. 3:18-cv-1260 |
| v. | § § § | |
| DONALD C. MOORE AND CATHY GRIMES MOORE, | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Wells Fargo Bank, N.A. Trustee Pooling and Servicing Agreement Dated as of August 1, 2005 Asset-Backed Pass-Through Certificates Series 2005-WHQ4 ("Plaintiff" or "Wells Fargo") files this its Original Complaint complaining of defendants Donald C. Moore and Cathy Grimes Moore, and respectfully shows the Court as follows:

**I.     PARTIES**

1.     Plaintiff Wells Fargo is the trustee of a trust.  When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.  *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008).  Wells Fargo is a national banking association which is chartered and has its main office in South Dakota.  In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main

office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction.

2. Defendant Donald C. Moore is a resident and citizen of Texas, who may be served with process at 7017 Lakeshore Drive, Dallas, Texas 75214; or such other place as he may be found. Summons is requested.

3. Defendant Cathy Grimes Moore is a resident and citizen of Texas, who may be served with process at 7017 Lakeshore Drive, Dallas, Texas 75214; or such other place as she may be found. Summons is requested.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Wells Fargo and Donald C. Moore and Cathy Grimes Moore and the amount in controversy exceeds $75,000.00. Due to Donald C. Moore and Cathy Grimes Moore's conduct, as alleged herein, Wells Fargo has the right to foreclose upon real property which secures a debt pursuant to a security instrument. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). The total unpaid balance owed of as of March 28, 2018 was $475,838.96.

5. Additionally, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that, due to the contested nature of this dispute and Donald C. Moore and Cathy Grimes Moore's opposition to Plaintiff's prior attempts to enforce its interest through foreclosure, attorney's fees will be in excess of $25,000.00 through trial. Accordingly, the amount in controversy is well in excess of

$75,000.00.

6.      Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. Section 1391(a)(2) because a substantial part of the events and omissions that give rise to the controversy occurred in this Division and District.  Wells Fargo, or its predecessors in interest, and Defendants entered into contracts in this Division and District, and the Property is located in Dallas County, which is within this Division and District.

### III.   FACTS

7.      On or about May 26, 2005, defendants Donald C. Moore and Cathy Grimes Moore ("Borrowers") executed a Texas Home Equity Adjustable Rate Note (Cash Out – First Lien) ("Note") in the principal amount of $366,400.00 in favor of Argent Mortgage Company, LLC ("Argent").  Concurrently with the execution of the Note, Borrowers executed a Texas Home Equity Security Instrument ("First Lien") ("Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Argent a security interest in certain real property and improvements located in Navarro County and commonly known as 7017 Lakeshore Drive, Dallas, Texas 75214 ("Property") and more particularly described as follows:

> BEING THE WEST 58 FEET OF LOT 16 AND THE EAST 2 FEET OF LOT 17, BLOCK G/2835 OF MONTICELLO, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 3, PAGE 489, MAP RECORDS, DALLAS COUNTY, TEXAS.

True and correct copies of the Note and Security Instrument are attached hereto as Exhibits A and B, respectively.

8.      Wells Fargo is the current legal owner and holder of the Note, specially endorsed to it, and mortgagee of the Security Instrument pursuant to a series of assignments recorded in the official public records of Dallas County, Texas.  True and correct copies of the assignments are

attached hereto as Exhibit C.

9. Under the terms of the Note and Security Instrument, Borrowers was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

10. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement. Borrowers have failed to make her payments under the terms of the Loan Agreement. The loan is due for the June 1, 2015 monthly payment and all subsequent payments.

11. On August 7, 2015, notice of default and intent to accelerate was mailed to Borrowers by certified mail to their last known mailing address at the time. A true and correct copy of the notice of default is attached hereto as Exhibit D. Borrowers did not cure the default and on December 16 2015, Wells Fargo's mortgage servicer, Ocwen Loan Servicing, LLC, mailed a notice of acceleration through counsel to Borrowers by certified mail to their last known mailing address at the time. A true and correct copy of the notice of acceleration is attached hereto as Exhibit E.

12. On August 19, 2016, Wells Fargo and Borrowers entered into an Agreed Home Equity Foreclosure Order under Texas Rule of Civil Procedure 736 (the "Order"). The Order was entered in cause number DC-16-06740 in the 191st District Court of Dallas County, Texas ("Rule 736 Proceeding"). The Order provided that a foreclosure of the Property could occur on December 6, 2016 or any date thereafter. On December 5, 2016, the day before the Property became eligible for foreclosure, Borrowers filed their Original Petition against Wells Fargo seeking to prevent

foreclosure under Cause No. DC-16-15519.  Wells Fargo filed a counterclaim for foreclosure in that suit on August 12, 2017.  A Joint Notice of Nonsuit Without Prejudice was filed by Wells Fargo and Defendants, nonsuiting both Defendants' claims and Wells Fargo's counterclaim.

### IV.   CAUSE OF ACTION—FORECLOSURE

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. Wells Fargo asserts a cause of action for foreclosure against Defendants.  Wells Fargo, as the current legal owner and holder of the Note and the mortgagee, has the right to enforce the Note and Security Instrument.  Wells Fargo has fully performed its obligations under the Loan Agreement; however, Defendants did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

15. Wells Fargo seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

16. Wells Fargo has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Defendants' failure to comply with the Loan Agreement.  Wells Fargo is therefore entitled to and seeks judgment against Defendants for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Defendants.  Wells Fargo seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against Defendants personally.

17. All conditions precedent have been performed or have occurred.

## PRAYER

For these reasons, plaintiff Wells Fargo Bank, N.A. Trustee Pooling and Servicing Agreement Dated as of August 1, 2005 Asset-Backed Pass-Through Certificates Series 2005-WHQ4 requests that defendants Donald C. Moore and Cathy Grimes Moore be summoned to appear and answer, and that, upon final hearing, it have and recover a judgment against them allowing it to proceed with foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002. Wells Fargo further requests its interest and attorneys' fees, all costs of suit and such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**GORDON W. GREEN**
Texas Bar No. 24083102
ggreen@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff Wells Fargo Bank, N.A. Trustee Pooling and Servicing Agreement Dated as of August 1, 2005 Asset-Backed Pass-Through Certificates Series 2005-WHQ4*